# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

August 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

)
)
IN THE MATTER OF: )
)
WAYNE H., )
a child under the age of 18 years. )
)
)

Williamson Circuit
No. II-152-698

Appeal No.
01A01-9807-CV-00383

## CONCURRING OPINION

I concur with the court's conclusion that the evidence is sufficient to support the trial court's adjudication that Wayne H. committed a delinquent act beyond a reasonable doubt. However, I have prepared this separate opinion to address the standard of review applicable to appeals from adjudications of delinquency. In my view, these appeals are governed by Tenn. R. App. P. 13(d).

The concepts of "burden of proof" and "standard of review" are quite different. The concept of "burden of proof" identifies the party who must prove the affirmative of an issue and the required degree of proof. On the other hand, the concept of "standard of review" refers to the strictness or intensity with which an appellate court will evaluate a trial court's actions. Thus, "burden of proof" relates to the obligation of the parties, while "standard of review" relates to the obligation of the appellate courts.

The burden of proof in delinquency cases is spelled out in Tenn. Code Ann. § 37-1-129(b) (Supp. 1998). This statute requires a person who files a petition alleging that a child is delinquent to prove beyond a reasonable doubt that the child "committed the acts by reason of which the child is alleged to be delinquent." Thus, the person filing the petition has the burden of producing evidence and must produce sufficient evidence to persuade the finder-of-fact beyond a reasonable doubt that the child has committed a delinquent act.

Appeals from a trial court's adjudication of delinquency are governed by Tenn.

Code Ann. § 35-1-159(g) (Supp. 1998) which simply states that these appeals will be governed by the Tennessee Rules of Appellate Procedure. The standards by which appellate courts review lower courts' findings of fact are found in Tenn. R. App. P. 13. The review of findings of fact by a trial judge sitting without a jury is governed by the preponderance of the evidence standard in Tenn. R. App. P. 13(d); while the review of findings of guilt in criminal cases is governed by the beyond a reasonable doubt standard in Tenn. R. App. P. 13(e). It seems evident Tenn. R. App. P. 13(e)'s standard of review is inapplicable to appeals from delinquency adjudications because Tenn. Code Ann. § 37-1-133(a) (1996) states that an adjudication of delinquency is not equivalent to a criminal conviction.

An adjudication that a child is delinquent is a conclusion based on the facts as found by the finder-of-fact. Thus, if the trial court is the finder-of-fact, then we must first review each of its findings of fact to determine whether they are supported by a preponderance of the evidence. After we have determined which of the findings of fact are supported by a preponderance of the evidence, then we must determine whether the party with the burden of proof provided sufficient evidence to support the conclusion that the child committed a delinquent act beyond a reasonable doubt.

Wayne H. was accused of carrying a knife to school which could be a delinquent act under Tenn. Code Ann. § 39-17-1309(b) (1997) which provides that carrying weapons on school property with the intent to go armed is a Class E felony. The trial court found (1) that Wayne H. was found on school property with a knife in his possession, (2) that he admitted he had a knife in his possession on the school bus several days earlier, and (3) that he brought the knife to school to "impress" people because he was a new student at the school. These facts, as found, support the trial court's conclusion that Wayne H. committed a delinquent act beyond a reasonable doubt.

_____
WILLIAM C. KOCH, JR., JUDGE

-2-